IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>TERRY JON MARTIN,<br><br>   Defendant. | Case No. 23-cr-00193-PJS-LIB<br><br>**UNITED STATES' ADDENDUM TO SENTENCING POSITION** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Matthew D. Greenley, Assistant United States Attorney, acting under authority conferred by 28 U.S.C. § 515, hereby respectfully submits the United States' Addendum to Sentencing Position to address late-filed requests for restitution.

The United States Attorney's Office received the following requests for restitution:

   A.   Request submitted January 19, 2024, for approximately $87,500 restitution from the Judy Garland Children's Museum in Grand Rapids, Minnesota, for loss of income following the burglary of the museum and payment of a $3,500 insurance premium (Doc. 41);

   B.   Request submitted January 19, 2024, for $10,000 restitution from the former Judy Garland Children's Museum director for medical and/or psychological expenses (Doc. 40); and,

   C.   Request submitted January 22, 2024, for $10,814.81 restitution from Markel Insurance Company for costs related to the investigation, recovery, and appraisal of the ruby slippers. (Doc. 42.)

Unfortunately, as described more thoroughly below, it appears that the Mandatory Victim Restitution Act ("MVRA") does not permit payment of most of the above-

requested restitution. However, the parties do agree and stipulate that Martin should be ordered to pay $23,500 to the Judy Garland Museum pursuant to the MVRA for its losses. Further, the parties stipulate that Martin may make nominal restitution payments commensurate with his economic circumstances. See PSIR at ¶¶ 91-93 (Doc. 31) (noting Martin does not appear to have the ability to pay a criminal monetary obligation).

I. **RESTITUTION**

The purpose of the "MVRA" is "to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." United States v. Frazier, 651 F.3d 899, 904 (8th Cir. 2011). The MVRA applies to offenses against property under Title 18. 18 U.S.C. § 3663A(c)(1)(A). Restitution may be awarded to only victims of the offense of conviction. United States v. Chalupnik, 514 F.3d 748, 752 (8th Cir. 2008). A victim is a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered. 18 U.S.C. § 3663A(a)(2). That means the harm would not have occurred but for the defendant's conduct and harm was reasonably foreseeable to the defendant. See United States v. Spencer, 700 F.3d 317, 323 (8th Cir. 2012) (holding fraud was a but-for cause of the loss and loss was reasonably foreseeable to defendant). "When an MVRA victim is identified, the government must prove "the amount of the loss sustained by [the] victim as a result of the offense" by a preponderance of the evidence." Chalupnik, 514 F.3d at 754 (citing 18 U.S.C. § 3664(e)).

"[I]t is clear that Congress intended that restitution be a compensatory remedy from the victim's perspective." United States v. Petruk, 484 F.3d 1035, 1038 (8th Cir.

2007).  MVRA victims should be limited to compensation for their actual losses.  Id. Restitution need not be calculated with exact precision.  United States v. Wirth, 719 F.3d 911, 917 (8th Cir. 2013).

> "When an offense involves the loss of property, the restitution order shall require the defendant to return the property, or if return of the property is inadequate, the defendant shall pay the greater of (1) 'the value of the property on the date of the damage, loss, or destruction; or' (2) 'the value of the property on the date of sentencing,' less the value of any part of the property which is returned."

United States v. Statman, 604 F.3d 529, 538 (8th Cir. 2010).

The MVRA requires evidence of bodily injury to victims before restitution can be ordered for their psychological treatment expenses.  United States v. Reichow, 416 F.3d 802, 805 (8th Cir. 2005); see also United States v. Sukhtipyaroge, 394 F. Supp. 3d 951, 963 (D. Minn. 2019) ("As Sukhtipyaroge's offense is one resulting in bodily injury to A.S.M., see 18 U.S.C. § 3663A(b)(2), A.S.M. is entitled to restitution for the cost of necessary psychiatric and psychological care, 18 U.S.C. § 3663A(b)(2)(A)") (aff'd by United States v. Sukhtipyaroge, 1 F.4th 603 (8th Cir. 2021)).  The MVRA specifically includes restitution for psychological care and lost income for cases involving bodily injury, 18 U.S.C. § 3663A(b)(2), but the MVRA denies the same for cases involving damage to or loss or destruction of property.  18 U.S.C. § 3663A(b)(1).

### A. Restitution Claim of the Judy Garland Children's Museum

The Judy Garland Children's Museum thoughtfully describes a sad and unfortunate series of events following Martin's burglary of the museum and theft of the ruby slippers.  Just a few years after the museum had finished a new gallery and sought to grow its audience, the loss of the ruby slippers created a loss of trust that reverberated

through its financials for years. Insurers appeared to blame the museum and its director for the theft, the museum was sued, collectors would not lend memorabilia, attendance dropped, and donors gave less. The museum recounts paying a $3,500 insurance premium to Essex Insurance/Markel for the ruby slippers insurance policy, and it reasonably estimates losing $87,000 in earned operating revenue from lost admission and membership fees in the four years following the burglary. (See Judy Garland Museum VIS, Doc. 41)[1]

Unfortunately, the MVRA provides limited recourse in property-based crimes. 18 U.S.C. § 3663A(b)(1). The MVRA allows for return of property, or payment of an amount equal to the greater of the value of the property on the date of the damage, loss, or destruction or the value of the property on the date of sentencing, less the value of any party of the property that is returned. Id.

Here, the Judy Garland Children's Museum was a victim of burglary, but it was also a victim of the theft of the ruby slippers. Even though the museum was not the owner of the ruby slippers at the time of the theft, the museum contracted, and paid for, the display of the ruby slippers for a certain amount of time. Per the statement of the museum, the museum had displayed the ruby slippers four times with great success, including in 2004 and 2005. The museum intended to engage M.S., the owner of the pair of ruby slippers that were stolen by Martin, in the future to continue displaying the ruby slippers. The museum had a small but significant property interest in the ruby slippers to

---

[1] A letter sent through the victim notification system (VNS) requested this VIS be submitted by December 14, 2023. It was received January 19, 2024.

the extent it had a right to display the slippers for certain periods of time.  The United States agrees that some of the museum's lost income was directly and proximately caused by the theft of the ruby slippers.

In United States v. Scott, the defendant stole interest-bearing assets from an account, and on appeal he disputed paying lost investment returns as restitution.  321 F. App'x 71 (2d Cir. 2009).  Even though the crime involved loss of property, the Second Circuit affirmed the award of lost investment income because it considered the interest income part of the value of the property.  In this case, the lending of the ruby slippers earned M.S. between $10,000 and $30,000 per year according to the victim impact statement of M.S.  (M.S. VIS, Doc. 39 at 4).  In addition, the museum showed through its victim impact statement that it had placed the ruby slippers on display four times between 1989 and 2005.  (Doc. 41 at 1).  The parties have agreed that it is reasonably foreseeable that, but for the theft of the ruby slippers, the Judy Garland Children's Museum would have continued to display the ruby slippers in 2005, and it would have likely displayed them again in the years after 2005.  Given the difficulty of precisely valuing the property loss to the Judy Garland Children's Museum, the parties have agreed that Martin is liable for $20,000 for property loss and another $3,500 for the payment of the insurance premium.

### B.  Restitution Claim of J.K.

J.K.'s victim impact statement (Doc. 40)[2] tells a wrenching story about his struggle to maintain the museum against lawsuits, through investigations, and against a loss of support from collectors and donors.  The former director of the Judy Garland Children's Museum seeks approximately $10,000 for treatment expenses arising out of the stress of managing the museum in the aftermath of the burglary.  The United States does not question that Martin's criminal conduct was the but for causation of J.K.'s claimed losses.  However, under the MVRA, it appears that victims may not receive restitution for necessary medical, psychiatric, psychological or non-medical care except in cases involving bodily injury.  18 U.S.C. § 3663A(b)(2).  Because there was no bodily injury in this case, the MVRA does not authorize restitution to J.K.

### C.  Restitution Claim of Markel Insurance Company

Markel Insurance Company, formerly Essex Insurance Company, ("Markel") submitted an Affidavit in Support of Restitution and a list of Itemized Damages to the United States Attorney's Office on January 22, 2024. (Doc. 42).[3]  It claimed $10,814.81 for the following costs:

1. $7,837.50 primarily related to an appraisal of the ruby slippers concluding that the ruby slippers value was approximately $3.5 million.  See PSIR at ¶ 11 (appraisal estimate in February 2019).

---

[2] A letter issued through the Victim Notification Service requested that this information be provided by December 14, 2023, in advance of the final pre-sentence investigation report.

[3] A letter issued through the Victim Notification Service requested that this information be provided by November 16, 2023, in advance of the final pre-sentence investigation report.

2. $626.82 internal corporate expenses to claims counsel related to the recovery of the ruby slippers in July 2018.

3. $2,350.49 internal corporate expenses for travel related to the investigation and recovery of the ruby slippers.

Markel is not a victim of the crime committed by Martin, i.e., Markel was not directly and proximately harmed as a result of Martin's burglary. Frazier, 651 F.3d at 907 (holding the insurer is not a victim). However, restitution must be paid directly to an insurer if the insurer compensated the victim for some or all of its loss. 18 U.S.C. § 3664(j)(1). In this case, Markel paid compensation to M.S., the victim from whom the shoes were stolen, under the terms of its insurance contract with M.S.[4] Following the compensation paid to M.S., Markel became the owner of the ruby slippers and Markel owned the ruby slippers on July 10, 2018, when they were recovered. Markel appraised the ruby slippers in February 2019 for $3.5 million.

The MVRA prohibits a windfall to victims. The maximum amount that Markel can be awarded in restitution is the amount paid under the $1 million insurance policy, and—at least for argument's sake—the additional $10,814.81 of claimed expenses. Because the value of the ruby slippers far exceeded this restitution at a time when Markel owned the ruby slippers,[5] the United States does not support the above restitution claim. See United States v. Fonseca, 790 F.3d 852, 855 (8th Cir. 2015) (holding the statute

---

[4] The shoes were insured for $1 million but the insurance settlement was not publicly disclosed.

[5] Markel recently sold the ruby slippers back to M.S. for an amount equal to the original compensation paid under the policy.

directs that restitution must be reduced by the value of returned property on the date it was returned).

## II.  CONCLUSION

Although all of the claims submitted for restitution are well-founded and indeed appear to be caused by Martin's crime, the MVRA limits restitution recovery in a federal criminal case that only involves damage to or loss of property (as opposed to a case that involves bodily injury). Therefore, the United States is seeking an Order for restitution in the amount of $23,500.00 to the Judy Garland Children's Museum.

Dated:  January 24, 2024

                                      MAC SCHNEIDER
                                      United States Attorney

By:  /s/ *Matthew D. Greenley*
      MATTHEW D. GREENLEY
      Assistant United States Attorney
      Acting Under Authority Conferred by
          28 U.S.C. § 515
      MN Bar ID 034252X
      655 First Avenue North, Suite 250
      Fargo, ND  58102-4932
      (701) 297-7400
      matthew.greenley@usdoj.gov
      Attorney for United States